Ollie E. CHAPPELLE et al., Plaintiffs,

v.

E. I. DuPONT de NEMOURS & CO.
et al., Defendants.

Civ. A. No. 75–0549–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 18, 1976.

Henry L. Marsh, III, Hill, Tucker & Marsh, William H. Bass, III, Richmond, Va., for plaintiffs.

Jerry H. Brenner, E. I. DuPont de Nemours & Co., Inc., Wilmington, Del., Lewis T. Booker, Virginia W. Powell, Hunton, Williams, Gay & Gibson, Parker E. Cherry, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, two current employees and the representative of a deceased former employee of the defendant company, bring this action under 42 U.S.C. §§ 1981, 2000e–2 to redress alleged racially discriminatory employment practices engaged in by the defendant E. I. DuPont de Nemours & Co. Ampthill Rayon Workers, Inc., a labor union, is also named as a defendant. The plaintiffs seek monetary and injunctive relief. Jurisdiction is alleged under 28 U.S.C. § 1343 and 42 U.S.C. § 2000e–5(f). The matter comes before the court on the motion of defendants to strike those portions of the complaint which seek to maintain the action as a class action. The matter has been briefed and argued by counsel for all the parties and accordingly is ripe for disposition.

The plaintiffs filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) under date of January 8, 1972. The charge alleged that the defendants had assigned certain machinery to a predominantly white work

unit. It was further alleged that the general hiring, transfer, promotional and remunerative policies and practices of the company and union discriminate against black employees. The EEOC investigated the charges and on July 23, 1975 concluded that the allegations of discrimination were not well founded. A right to sue letter was subsequently issued and this action was timely filed. It is clear from the Commission's action that only the charge stemming from the assignment of certain machinery was actually investigated. The EEOC specifically noted that the more general allegations were being pursued in another forum. In fact, the Commission is currently actively investigating these charges as a result of a 1971 complaint filed by employees of the defendant DuPont.

The Court believes that in light of the Commission's active investigation of matters raised by the complaint, this action shall be limited to the claims of the instant named plaintiffs for whom right to sue letters have been issued. As only three individuals who are involved, the numerosity requirement of Rule 23(a) is not satisfied. The Court's conclusion in this regard stems from the unfavorable effect that class certification would have upon the conciliatory framework of Title VII of the 1964 Civil Rights Act. It would, in the Court's view, require a defendant to adopt a full adversarial posture while, at the same time, attempting to amicably resolve the controversy via the Commission's informal conciliatory mechanism. The importance of the conciliation function performed by the EEOC has been underscored by several recent decisions. *See, e. g., Patterson v. American Tobacco Co.*, 535 F.2d 257, 272 (4th Cir. 1976); *EEOC v. Raymond Metal Products Co.*, 530 F.2d 590, 596 (4th Cir. 1976); *Briggs v. Brown & Williamson Tobacco Co.*, 414 F.Supp. 371, 375–76 (E.D.Va. 1976).

In concluding that this litigation is not to proceed as a class action, it must be noted that the individual claims of the named plaintiffs and those of the proposed class are in no way prejudiced. The named

plaintiffs are, of course, entitled to pursue all the claims raised by the charge filed with the EEOC. If the Commission failed to investigate some of the allegations, fault does not lie with these plaintiffs and they will not be precluded from litigating those issues raised in the charge but not actually investigated. *See Russell v. American Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975); *Johnson v. Seaboard Airline R.R. Co.*, 405 F.2d 645 (4th Cir. 1968).

An appropriate order will issue.